**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-04174-CV-W-DGK |
| | ) | |
| | ) | |
| LAW OFFICES OF | ) | |
| D. SCOTT CARRUTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING ENTRY OF DEFAULT JUDGMENT

This case stems from allegations that the Defendant violated Plaintiff's rights under the Fair Debt Collection Practices Act. Now before the Court is Plaintiff's Request for Clerk's Entry of Default (doc. 5).

To be entitled to an entry of default a plaintiff must show that the defendant was properly served with the complaint and summons. *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955); O'Connor's Federal Rules Civil Trials 514 (Michael Smith 2010). Although the record is somewhat unclear it appears Plaintiff attempted to serve Defendant under Rule 4(h)(1)(B), which requires delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." In attempting service under Rule 4(h) the burden is on the plaintiff to show a basis for an inference that the defendant has authorized a particular person to accept service of process on its behalf. *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 376 (D.C.N.Y. 1998).

In the present case the process server's affidavit states that the person served was "'Jane Doe', wife accepting service of pro[c]ess for law offices of D. Scott Carruthers, white, female, 50

years old, red hair, 5 Feet 5 inches, 200 pounds." This statement is not enough to show that "Jane Doe" was authorized to accept service on Defendant's behalf, or that service was otherwise properly made. *See Dobbins v. Kroger Co.*, 3:08-CV-1206-N, 2009 WL 2776665, at *1 (N.D. Tex. Aug. 31, 2009) (denying default judgment application because plaintiff had made no showing that the receptionist was authorized to accept service). Accordingly, Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: November 16, 2010 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT